PETER L. CARR, IV (#256104)
PCARR@THEPLCLAWGROUP.COM
NA'SHAUN L. NEAL (#284280)
NNEAL@THEPLCLAWGROUP.COM
LAUREN K. MCRAE (#331296)
LMCRAE@THEPLCLAWGROUP.COM
PLC LAW GROUP, APC
3756 SANTA ROSALIA DR., SUITE 326
LOS ANGELES, CA 90008
TELEPHONE: (310) 400-5890
FACSIMILE:  (310) 400-5895
ATTORNEYS FOR PLAINTIFF PHILLIP BROOKS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP BROOKS, an individual,<br><br>        Plaintiff,<br>    vs.<br><br>CITY OF PALM SPRINGS; HHC TRS PORTSMOUTH LLC, OFFICER JACOB VALDIVIA (#16144), OFFICER GONZALEZ, OFFICER S. SANDOVAL, MICHAEL WHITED, and DOES 1 through 10 inclusive,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. Unreasonable Seizure – Excessive Force<br>2. Equal Protection Violation<br>3. First Amendment Retaliation<br>4. *Monell* Claim<br>5. Violation of the California Bane Act<br>6. Violation of the California Ralph Act<br>7. Violation of the California Unruh Act<br>8. Assault & Battery<br>9. Negligence<br>10. Intentional Infliction of Emotion Distress<br>11. Breach of Contract<br>12. False Arrest<br>13. Malicious Prosecution<br><br>**DEMAND FOR JURY TRIAL** |



## INTRODUCTION

This case challenges the abuse of discretion, unreasonable seizure, malicious prosecution, negligence and racial discrimination that deprived Plaintiff PHILLIP BROOKS of his federal and state rights as a registered guest of the Renaissance Hotel in the City of Palm Springs.  PLAINTIFF complains of Defendants CITY OF PALM SPRINGS, RENNAISSANCE HOTEL, JACOB VALDIVIA (#16144), OFFICER GONZALEZ, OFFICER S. SANDOVAL, MICHAEL WHITED and DOES 1 through 10, inclusive, as follows:

## VENUE AND JURISDICTION

1.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1334, and arises under 42 U.S.C. §§ 1983 and 1988.  State law claims for relief are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Venue is proper in this Court because the unlawful acts and practices alleged herein occurred in the City of Palm Springs, California, which is within this judicial district pursuant to 28 U.S.C. § 1391.

## CLAIMS STATUTE REQUIREMENT

2.      The subject incident giving rise to the instant action occurred on June 8, 2019. On December 5, 2019, Plaintiff filed a timely Governmental Claim for Damages with the City of Palm Springs. On April 15, 2020, said claim was rejected. Because Plaintiff was charged with trespass as a result of the subject incident, Plaintiff's civil claims arising from the subject incident were tolled until the trespass charge was dismissed on October 28, 2019.

## PARTIES

3.      At all times in this Complaint, Plaintiff PHILLIP BROOKS (hereinafter "Mr. Brooks") was and is a resident of the State of California in the County of Los Angeles.  Mr. Brooks is an African-American man.

4.      Defendant CITY OF PALM SPRINGS (hereinafter referred to as "CITY") is, and at all times in this Complaint was, an incorporated public entity duly



authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the PALM SPRINGS POLICE DEPARTMENT (hereinafter referred to as "Palm Springs PD" or "PSPD") and its tactics, methods, practices, customs and usages.

5. Defendant HHC TRS PORTSMOUTH LLC, which owns and operates the RENNAISSANCE HOTEL (hereinafter collectively referred to as "HOTEL") is, and at all times in this Complaint was an entity incorporated in Delaware with its principal place business in California.

6. Defendant OFFICER JACOB VALDIVIA (#16144), is, and at all times in this complaint was, an individual employed by CITY and/or its subsidiaries as a police officer, acting within the course and scope of his employment and also within his actual and apparent authority as a state actor or agent for CITY and at the direction and supervision of CITY.

7. Defendant OFFICER GONZALEZ, is, and at all times in this complaint was, an individual employed by CITY and/or its subsidiaries as a police officer, acting within the course and scope of his employment and also within his actual and apparent authority as a state actor or agent for CITY and at the direction and supervision of CITY.

8. Defendant OFFICER S. SANDOVAL, is, and at all times in this complaint was, an individual employed by CITY and/or its subsidiaries as a police officer, acting within the course and scope of her employment and also within her actual and apparent authority as a state actor or agent for CITY and at the direction and supervision of CITY.

9. Defendant MICHAEL WHITED is, and at all times in this complaint was, an individual employed by HOTEL and/or its subsidiaries as a security manager, acting within the course and scope of his employment and also within his actual



1 and apparent authority as an agent for HOTEL and at the direction and supervision

2 of HOTEL.

3 10.    At all relevant times mentioned herein and material hereto, the Defendant

4 DOE 1 through 5 officers (collectively referred to as "DOE OFFICERS")

5 described below engaged in law enforcement as police officers, sergeants, captains,

6 lieutenants, and/or civilian employees, agents and representatives of Defendant

7 CITY, duly employed as police officers by the Palm Springs PD, who acted in the

8 course and scope of their employment at all times relevant to the acts and

9 omissions herein alleged.

10 11.    At all relevant times mentioned herein and material hereto, the Defendant

11 DOE 6 through 10 (collectively referred to as "HOTEL DOE EMPLOYEES")

12 employees of the HOTEL, who acted in the course and scope of their employment

13 at all times relevant to the acts and omissions herein alleged.

14 12.    PLAINTIFF is informed and believes and thereon alleges that each of the

15 Defendants designated as a DOE are intentionally and negligently responsible in

16 some manner for the events and happenings herein referred to, and thereby

17 proximately caused injuries and damages as herein alleged.  The true names and

18 capacities of DOES 1 through 10, inclusive, and each of them, are not now known

19 to PLAINTIFF who, therefore, sues said Defendants by such fictitious names.

20 PLAINTIFF will seek leave to amend this Complaint to show their true names and

21 capacities when same have been ascertained.

22 **FACTS COMMON TO ALL COUNTS**

23 13.    Mr. Brooks is an African-American male.

24 14.    Mr. Brooks purchased the "Renaissance Hotel Package for 2" from HOTEL

25 to attend Splash House, a pool party music festival hosted at the HOTEL in June of

26 2019, for approximately $900. Mr. Brooks' reservation at HOTEL began June 7,

27 2019 and ended June 10, 2019. The HOTEL is located at 888 E. Tahquitz Canyon,

28 Palm Springs, CA.



15.　At Splash House, several electronic music artists perform at the HOTEL's pool. Splash House party-goers are encouraged to purchase alcohol, as well as bring their own alcohol to the event. During the three-day Splash House event, loud music can be heard throughout the HOTEL's hallways day and night, and alcohol and drugs are openly consumed at the HOTEL. There are also several after parties to Splash House at the HOTEL.

16.　On June 8, 2019, as Mr. Brooks was at Splash House, he realized he had misplaced his hotel room key. As a result, Mr. Brooks went to the front desk in the HOTEL's lobby and requested a replacement room key.

17.　DOE 6 informed Mr. Brooks that because he didn't have his Identification card, a HOTEL security guard would need to escort Mr. Brooks to his hotel room, and only upon display of his Identification card would HOTEL staff provide Mr. Brooks a replacement room key. Mr. Brooks then waited for HOTEL security to escort him to his hotel room.

18.　As Mr. Brooks waited for a security guard, two Caucasian women approached the front desk and asked DOE 6 for a key to their friend's room. DOE 6 asked the two Caucasian women to provide their friend's birthdate so that she could issue them a key, and the women replied that they did not know their friend's birthday. DOE 6 then asked the women to provide their friend's phone number. After providing their friend's phone number, DOE 6 gave the two Caucasian women a key to their friend's room.

19.　After witnessing the difference in the way DOE 6 treated the two Caucasian women, Mr. Brooks told DOE 6 that the differential treatment was racist. Mr. Brooks then provided DOE 6 his phone number. However, DOE 6 told Mr. Brooks that he would not receive a replacement key until providing her with his identification card. At that point, Mr. Brooks requested to speak with a manager regarding DOE 6's racial discrimination against him.

20.　After Mr. Brooks complained to the HOTEL's manager, DOE 7, that he felt



DOE 6 subjected him to racist treatment, the HOTEL manager told Mr. Brooks that he had to go.

21.     Then a HOTEL security guard, DOE 8, escorted Mr. Brooks to his room. DOE 8 told Mr. Brooks that he needed to pack his belongings and leave the hotel. DOE 8 told Mr. Brooks there was no need to rush, because he was getting paid overtime.

22.     Unbeknownst to Mr. Brooks, the HOTEL's security manager, Defendant Michael Whited, contacted PSPD. Mr. Whited told PSPD that Mr. Brooks was intoxicated in the HOTEL's lobby and requested police come to the HOTEL.

23.     At approximately 9:57 p.m., Defendant PSPD Officers Jacob Valdivia (#16144), Gonzalez and S. Sandoval, arrived at Mr. Brook's hotel room with Defendant Mr. Whited. The officers then watched Mr. Brooks finish pack his belongings.

24.     As Mr. Brooks began to exit the room, he noticed a bottle of alcohol on the table. Mr. Brooks told the officers that he was going to take a shot of liquor. The officers did not object and watched Mr. Brooks poured himself a drink. Then, Mr. Brooks rose his glass and stated, "Toast to the racism."

25.     Immediately after, one of the Defendant officers violently tackled Mr. Brooks to the ground and handcuffed him. While handcuffing Mr. Brooks, the officer forcefully twisted Mr. Brooks' wrists and fingers and told Mr. Brooks that he wouldn't "be able to shoot a basketball with this hand anymore."

26.     The officers pulled Mr. Brooks up from off the floor by his wrists, causing Mr. Brooks to suffer extreme pain. The officers then informed Mr. Brooks that he was under arrest for trespassing.

27.     As the officers escorted Mr. Brooks out of the HOTEL, his shoe came off. Mr. Brooks asked the officers to put his shoe back on. However, the officers refused and forced Mr. Brooks to walk through the HOTEL's lobby with only one shoe.

28.     Defendant Officer Valdivia then completed a Private Person's Arrest form for Mr. Brooks and Defendant Mr. Whited signed it.



29.    With knowledge that their reports would be used by the City of Palm Springs and Riverside County District Attorney's ("DA") offices to decide on whether to bring criminal charges against Mr. Brooks, Defendant Officer Valdivia then made false statements in his reports to cover the fact that Defendant Officers violated Mr. Brooks' rights by subjecting him to excessive force and racial discrimination.

30.    Defendants CITY and Defendant Officers owed Mr. Brooks non-consensual duties set forth in California Penal Code Sections 118.1 (false police report): 148.5 (false report of a crime); 134 (preparing false evidence); 132 (offering false evidence); 182(1) (conspiracy to commit crime); 182(2) (conspiracy to obstruct justice); 832.5 (personnel complaint investigations required); and Gov. Code § 1031 (duty to investigate hires).

## FIRST CAUSE OF ACTION

**UNREASONABLE SEIZURE – EXCESSIVE FORCE (42 U.S.C. § 1983)**

**(Against Defendants Officer Jacob Valdivia, Officer Gonzalez, Officer S. Sandoval and DOES 1-5, inclusive)**

31.    Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.  This cause of action arises under Title 42 United states Code, §1983, wherein Plaintiff seeks to redress deprivation under color of law a privilege or immunity secured under the Fourth Amendment.

32.    As a result of the above described intentional acts and omissions of the defendants, collectively and individually, Plaintiff's Fourth Amendment constitutional right to be free from unreasonable seizures, as applied to state actors by the Fourteenth Amendment, was violated when:

        a)    Defendant Officers violently tackled Plaintiff to the ground;

        b)    Defendant Officers forcefully twisted Plaintiff's wrists and fingers;

        c)    Defendant Officers handcuffed Plaintiff;

        d)    Defendant Officers pulled Plaintiff up from the ground by his wrists;



and

 e)  Defendant Officers forced Plaintiff to walk through the HOTEL's lobby without proper attire.

33.  As a result, Plaintiff endured pain and suffering, extreme mental and emotional distress, physical injuries, medical expenses, costs of suit and other pecuniary losses in an amount not yet ascertained.

34.  Plaintiff was not armed, did not commit any crime, posed no risk to Defendant Officers or others in the community, and did not actively resist at any point during the interaction.

35.  At no time during the incident did Plaintiff verbally threaten or attempt to punch, kick, or grab Defendant Officers or any other person.

36.  Defendant Officers' actions thus deprived Plaintiff of his right to be free from unreasonable seizures under the Fourth Amendment as applied to state actors by the Fourteenth Amendment.

37.  Each of the Defendant Officers were both personally involved and an integral participant in the violation of Mr. Brooks' constitutional rights, because each officer was aware of unlawful actions of the other officer(s), did not object to these violations of Mr. Brooks' rights, and participated in the violations by performing police functions.

38.  The conduct of the Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages against the Defendant Officers, individually.

39.  Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

///

///

///



## SECOND CAUSE OF ACTION

### EQUAL PROTECTION CLAUSE (42 US.C. § 1983)

### (Against Defendants Officer Jacob Valdivia, Officer Gonzalez, Officer S. Sandoval and DOES 1-5, inclusive)

40.     Defendant Officers, as agents of the PSPD, an institution with a documented history, pattern, and practice of discriminating against non-white community members, have demonstrated a propensity for animus against African-American citizens.

41.     Defendant Officers invidiously discriminated against Plaintiff by:

    a.     Depriving Plaintiff of his right to be free from unreasonable seizures by collectively using unreasonable force or failing to intervene during this constitutional violation, as recited above, because he is African-American; and

    b.     Depriving Plaintiff of his right to be free from racial animus during police contact by mocking Plaintiff as described in this complaint.

42.     Defendant Officers did not treat other similarly situated person in Mr. Brooks' community similarly and the sole basis for their discriminatory conduct was the fact Mr. Brooks is African-American.

43.     By virtue of the foregoing, Defendants deprived Plaintiff of (a) equal protection of the law and (b) equal protection and immunities under the law, and for the purpose of preventing and hindering the constituted authorities from giving and securing to Plaintiff equal protection of the law and deprivation of liberty and property without due process of the law.

44.     As a direct proximate result of the foregoing, Plaintiff has been injured as set forth above.

45.     Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

///



## THIRD CAUSE OF ACTION

### FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)

### (Against Defendants Officer Jacob Valdivia, Officer Gonzalez, Officer S. Sandoval and DOES 1-5, inclusive)

46.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

47.    All of the acts of Defendants were done under color of state law.

48.    Defendants Officer Jacob Valdivia, Officer Gonzalez, Officer S. Sandoval and DOES 1-5, inclusive, deprived Mr. Brooks of his rights, privileges, and immunities under the First Amendment of the United States Constitution, incorporated and made applicable to the states by the Fourteenth Amendment, by mocking and using excessive force against Mr. Brooks to retaliate against him for exercising his First Amendment rights to freedom of speech.

49.    Mr. Brooks engaged in constitutionally protected speech on June 8, 2019 when told Defendant Officers, "Toast to the racism."

50.    Mr. Brooks' protected speech and conduct was a substantial or motivating factor in Defendants' decision to retaliate. This was demonstrated by, among other things, the fact that Defendants' aforesaid conduct occurred immediately following or soon after protected activities.

51.    As a direct and proximate result of the aforementioned unlawful acts of Defendant Officers, Mr. Brooks sustained and incurred damages for physical injury and pain, emotional injury and pain, mental anguish and suffering, humiliation, embarrassment, as well as harm to his reputation in the community.

52.    Each of the Defendant Officers were both personally involved and an integral participant in the violation of Mr. Brooks' constitutional rights, because each officer was aware of unlawful actions of the other officers, did not object to these violations of Mr. Brooks' rights, and participated in the violations by



1 performing police functions, including meaningful participation in the needless

2 use of force against Mr. Brooks.

3 53.    In doing the foregoing wrongful acts, Defendant Officers and other

4 involved DOE Officers 1-5 each acted in reckless and callous disregard for Mr.

5 Brooks' constitutional rights. Each wrongful act was willful, oppressive,

6 fraudulent, and malicious, thus warranting the award of punitive damages

7 against each individual Defendant in an amount adequate to punish the

8 wrongdoers and deter future similar misconduct.

9 54.    Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. §

10 1988.

11 **FOURTH CAUSE OF ACTION**

12 **MUNICIPAL LIABILITY FOR UNLAWFUL CUSTOM AND PRACTICE**

13 **(42 U.S.C. § 1983)**

14 **(Against Defendant CITY)**

15 55.    Defendant CITY, is and at all times herein mentioned, has been a public

16 entity and an incorporated municipality duly authorized and existing as such in

17 and under the laws of the State of California and at all times herein mentioned,

18 Defendant CITY possessed the power and authority to adopt policies and

19 prescribe rules, regulations and practices affecting the operation of the Palm

20 Springs Police Department and its tactics, methods practices, customs and

21 usages.

22 56.    At all times herein mentioned, Defendant Officers and each of them, were

23 employees acting under the CITY and Palm Spring Police Department's

24 direction and control, who knowingly and intentionally promulgated,

25 maintained, applied, enforced and suffered the continuation of policies, customs,

26 practices and usages in violation of the First, Fourth and Fourteenth

27 Amendments respectively to the United States Constitution, which customs,

28 policies, practices and usages at all times herein mentioned required and

1  encouraged the employment, deployment and retention of persons as peace

2  officers who have demonstrated their brutality, dishonesty, and numerous other

3  serious abuses of their powers as peace deputies in the employment of the CITY.

4  57.     The unconstitutional policies, practices or customs promulgated,

5  sanctioned or tolerated by Defendant CITY and Palm Springs PD include, but

6  are not limited to:

    a)  Defendants CITY and Palm Springs PD had knowledge, prior to and since this incident, of similar allegations of wrongful and unlawful battery, improper tactics and corruption by Palm Springs PD employees, including the individual Defendants herein, and refused, with deliberate indifference, to enforce established administrative procedures to ensure public safety and the protection of citizens' rights;

    b)  Defendant CITY and Palm Springs PD refused to adequately discipline individual employees found to have committed similar acts of misconduct;

    c)  Defendant CITY and Palm Springs PD refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by CITY and Palm Springs PD employees;

    d)  Defendant CITY and Palm Springs PD reprimanded, threatened, intimidated, demoted and fired employees who reported acts of abuse by other CITY and Palm Springs PD employees;

    e)  Defendant CITY and Palm Springs PD failed to adequately supervise the actions of employees under its control so as to avoid constitutional violations;

    f)  Defendant CITY and Palm Springs PD failed to adequately train its employees so as to avoid constitutional violations;



g) Defendant CITY and Palm Springs PD tacitly condones and encourages a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct;

h) Defendant CITY and Palm Springs PD tacitly condones and encourages use of excessive force on citizens;

i) Defendant CITY and Palm Springs PD tacitly condones and encourages private individuals to effectuate warrantless citizen's arrests despite lacking probable cause;

j) Defendant CITY and Palm Springs PD tacitly condones and encourages retaliating against citizens for exercising their rights to free speech;

k) Defendant CITY and Palm Springs PD tacitly condones and encourages subjecting African-Americans to discrimination and harassment; and

l) Defendant CITY and Palm Springs PD fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by June 8, 2019, and thereafter, represented the unconstitutional policies, practices and customs of the CITY and Palm Springs PD.

58.    The following are a list of incidents exemplifying the aforementioned policies, customs, practices and usages of Defendants CITY and PSPD:

a) In March 2015, the CITY settled a wrongful death case filed by the family of Joshua Sznaider, who was violently restrained by PSPD officers[1];

b) In *Lavenant v. City of Palm Springs*[2], the California Central

---

[1]  *B.R.S., a minor, by and through his Guardian ad Litem Ronald Sznaider, individually, and as successor in interest to the Claims of Joshua Sznaider, et al. v. City of Palm Springs, et al.*; 2015 Jury Verdicts LEXIS 54668
[2] (C.D.Cal. Aug. 8, 2018, No. EDCV 17-2267-KK) 2018 U.S.Dist.LEXIS 133912, at *11.



District Court denied Defendants' motion for summary judgment as to Plaintiff's *Monell* claim, finding the CITY ratified the alleged policy encouraging the use of excessive force;

c) In 2015, Palm Springs agreed to pay $2.6 million to settle a wrongful death lawsuit by the family of Cpl. Allan DeVillena II, a Marine who was shot by a police officer who dove through the window of Mr. DeVillena's moving car in 2012 because he suspected Mr. DeVillena was drunk;[3] and

d) In June of 2020, Palm Spring's Councilwoman Grace Garner stated, "I have sat in on several community meetings where Black residents have shared experiences of police discrimination and harassment with our police officers."[4]

59.     On information and belief, Defendant Officers attended training programs related to anti-discrimination prior to the incident with Plaintiff.

60.     On information and belief, Defendant Officers attending training programs related to use of force prior to the incident with Plaintiff.

61.     Despite receiving training designed to prevent the conduct described in this Complaint, Defendant Officers violated Plaintiff's constitutional rights as described in the Complaint.

62.     Prior to the incident, CITY knew prior to the incident, its training program was insufficient to prevent the type of conduct experience by Plaintiff but did nothing to prevent the conduct.

63.     The aforesaid policies, customs, practices and usages described in this Complaint were the moving force that caused Plaintiff to be subjected to unconstitutional policing by Defendant Officers on June 8, 2019.

---

[3] Dolan, J. (2015, September 1). Palm Springs to pay $2.5 million to family of Marine shot by police. *Los Angeles Times*.
[4] Newell, J. (2020, June 12). Palm Springs leaders address racism, city's history during council meeting. *Desert Sun*.



64.   By reason of the aforesaid policies, customs, practices and usages, Plaintiff's First, Fourth and Fourteenth Amendments to the United States Constitution were violated.

65.   Plaintiff also seeks attorney fees under this claim pursuant to 42 U.S.C. § 1988.

### FIFTH CAUSE OF ACTION

### VIOLATION OF BANE ACT (Cal. Civil Code §52.1)

### (Against All Defendants)

66.   Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

67.   As alleged herein, Defendants Officer Jacob Valdivia, Officer Gonzalez, Officer S. Sandoval and DOES 1-5, inclusive, interfered by threats, intimidation, or coercion with the Plaintiff's rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be free from excessive force and the right to be free from race discrimination.

68.   Each of the Defendant Officers were both personally involved and an integral participant in the violation of Mr. Brooks' constitutional rights, because each officer was aware of unlawful actions of the other officers, did not object to these violations of Mr. Brooks' rights, and participated in the violations by performing police functions, including meaningful participation in the needless use of force against Mr. Brooks.

69.   The CITY is vicariously liable for the wrongful acts of Defendants Officer Jacob Valdivia, Officer Gonzalez, Officer S. Sandoval and DOES 1-5, inclusive, as peace officers, pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

70.   As alleged herein, Defendant Michael Whited and DOES 6-10, inclusive,



interfered by threats, intimidation, or coercion with the Plaintiff's rights under state and federal laws and under the state and federal Constitution including, without limitation, the rights to be free from false arrest, malicious prosecution, excessive force and race discrimination.

71.    The HOTEL is vicariously liable for the wrongful acts of Defendant Michael Whited and DOES 6-10, inclusive, because as described above, they are HOTEL employees and their wrongful acts were within the scope of their employment. *Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12 Cal.4th 291, 296-297 (1995).

72.    The conduct of the Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages against the individual Defendants.

73.    As a direct and legal result of Defendants' acts and omissions, Plaintiff has suffered damages, including, without limitation, pain and suffering, extreme mental and emotional distress, physical injuries, medical expenses, costs of suit, and other pecuniary losses in an amount not yet ascertained.

74.    Plaintiff also seeks attorney fees under this claim pursuant to California Civil Code § 52.1 (h).

## SIXTH CAUSE OF ACTION

### VIOLATION OF RALPH ACT (California Civil Code § 51.7)

### (Against All Defendants)

75.    Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

76.    As alleged herein, the Defendants Officer Jacob Valdivia, Officer Gonzalez, Officer S. Sandoval and DOES 1-5, inclusive, committed violent acts and threats of violence against the Plaintiff, an African-American, by:

        a)  Violently tackling Plaintiff to the ground after Plaintiff



complained that he was being subjected to racism;

b) Forcefully twisting Plaintiff's wrists and fingers after Plaintiff complained that he was being subjected to racism;

c) Pulling Plaintiff from off the ground by his wrists after Plaintiff complained that he was being subjected to racism; and

d) Threatening to disable Plaintiff from playing basketball.

77.    Each of the Defendant Officers were both personally involved and an integral participant in the violation of Mr. Brooks' constitutional rights, because each officer was aware of unlawful actions of the other officers, did not object to these violations of Mr. Brooks' rights, and participated in the violations by performing police functions, including meaningful participation in the needless use of force against Mr. Brooks.

78.    As alleged herein, Defendant Michael Whited and DOES 6-10, inclusive, committed violent acts and threats of violence against the Plaintiff, an African-American, by:

a) Subjecting Plaintiff to false imprisonment after he complained about a HOTEL employee's racial discrimination against him;

b) Threatening to evict Plaintiff from HOTEL after he complained about a HOTEL employee's racial discrimination against him; and

c) Evicting Plaintiff from HOTEL after he complained about a HOTEL employee's racial discrimination against him.

79.    In doing the aforementioned acts and threats of violence, the Defendants were substantially motivated by the Plaintiff's race.

80.    The CITY is vicariously liable for the wrongful acts of Defendants Officer Jacob Valdivia, Officer Gonzalez, Officer S. Sandoval and DOES 1-5, inclusive, as peace officers, pursuant to Section 815.2(a) of the California



Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

81.    The HOTEL is vicariously liable for the wrongful acts of Defendant Michael Whited and DOES 6-10, inclusive, because as described above, they are HOTEL employees and their wrongful acts were within the scope of their employment. *Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12 Cal.4th 291, 296-297 (1995).

82.    The conduct of the Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages against the individual Defendants.

83.    As a direct and legal result of the Defendants' acts and omissions, Plaintiff has suffered damages, including, without limitation, pain and suffering, extreme mental and emotional distress, physical injuries, medical expenses, costs of suit, and other pecuniary losses in an amount not yet ascertained.

84.    Plaintiff also seeks attorney fees under this claim pursuant to California Civil Code § 52(b)(3).

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF UNRUH ACT (Cal. Civil Code § 51)**

**(Against Defendants HOTEL, Michael Whited and DOES 6-10, inclusive)**

85.    Plaintiff repeats and re-alleges each and every preceding allegation of this Complaint with the same force and effect as if fully set forth herein.

86.    "The Unruh Act was enacted to 'create and preserve a nondiscriminatory environment in California business establishments by "banishing" or "eradicating" arbitrary, invidious discrimination by such establishments.' " *Flowers v. Prasad*, 238 Cal.App.4th 930, 937 (2015). "Invidious discrimination is the treatment of individuals in a manner that is malicious, hostile, or



damaging." *Javorsky v. Western Athletic Clubs, Inc.*, 242 Cal.App.4th 1386, 1404 (2015).

87.    As alleged herein, Defendant Michael Whited and DOES 6-10, inclusive, subjected Plaintiff, an African-American, to invidious discrimination by:

       a) Discriminating against Plaintiff by forcing him to display his Identification card in order to receive a replacement room key, while not requiring Caucasian women do the same;

       b) Subjecting Plaintiff to false imprisonment after he complained about a HOTEL employee's racial discrimination against him;

       c) Threatening to evict Plaintiff from HOTEL after he complained about a HOTEL employee's racial discrimination against him; and

       d) Evicting Plaintiff from HOTEL after he complained about a HOTEL employee's racial discrimination against him.

88.    In doing the aforementioned acts, the Defendants were substantially motivated by the Plaintiff's race.

89.    The HOTEL is vicariously liable for the wrongful acts of Defendant Michael Whited and DOES 6-10, inclusive, because as described above, they are HOTEL employees and their wrongful acts were within the scope of their employment. *Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12 Cal.4th 291, 296-297 (1995).

90.    The conduct of the Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages against the individual Defendants.

91.    As a direct and legal result of the Defendants' acts and omissions, Plaintiff has suffered damages, including, without limitation, pain and suffering, extreme



mental and emotional distress, physical injuries, medical expenses, costs of suit, and other pecuniary losses in an amount not yet ascertained.

92.     Plaintiff also seeks attorney fees under this claim pursuant to California Civil Code § 52(b)(3).

## EIGHTH CAUSE OF ACTION

### ASSAULT AND BATTERY

**(Against Defendants CITY, Officer Jacob Valdivia, Officer Gonzalez, Officer S. Sandoval and DOES 1-5, inclusive)**

93.     Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

94.     On June 8, 2019, Defendants Officer Jacob Valdivia, Officer Gonzalez, Officer S. Sandoval and DOES 1-5, inclusive, acting individually and in concert with other law enforcement agents, assaulted and battered Plaintiff by acts which included, but were not limited to:  unlawfully tackling Mr. Brooks; unlawfully handcuffing Mr. Brooks; and forcibly twisting Mr. Brooks' wrists and fingers.

95.     Each of the Defendant Officers were both personally involved and an integral participant in the assault and battery of Mr. Brooks', because each officer was aware of unlawful actions of the other officers, did not object to these violations of Mr. Brooks' rights, and participated in the violations by performing police functions, including meaningful participation in the needless use of force against Mr. Brooks.

96.     Both prior to and during the time in which he was assaulted and battered, Mr. Brooks did not commit a crime, was not armed with any kind of weapon and posed no reasonable threat of violence to the Defendant Officers, nor to any other individual. When he was attacked, as described herein, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which

would suggest to a reasonable officer that he had the will or ability to inflict bodily harm against any individual.

97.    As a result of the above alleged conduct, Plaintiff suffered serious bodily harm including, but not limited to, serious wrist and hand pain. Moreover, as a result of these acts, Mr. Brooks was placed in great fear of his life and physical well-being. Additionally, due to the wrongful, intentional and malicious acts of the Defendant Officers, Plaintiff has suffered and will continue to suffer extreme pain and mental anguish.

98.    The aforementioned acts and omissions alleged herein were intended by each Defendant Officer to cause injury to Plaintiff, and were done with a conscious disregard for the rights and safety of Plaintiff, as the acts and omissions were willful, wanton, malicious and oppressive, thereby justifying the awarding of compensatory and punitive damages against each of the individual defendants in an amount to be determined according to proof at trial.

99.    Defendant CITY is liable under California Government Code Section 815.2(a) for Plaintiff's injuries proximately caused by the assault & battery committed by its employees, described above.

## NINTH CAUSE OF ACTION

### NEGLIGENCE

### (Against All Defendants)

100.   Plaintiff incorporates by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

101.   Plaintiff is informed and believes and there upon alleges that Defendant Officers, and each of them, failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently using excessive and unreasonable physical force upon the person of Plaintiff, when the same was unnecessary and unjustified,

1   negligently subjecting Plaintiff to invidious race discrimination and negligently

2   failing to intercede when fellow Defendant Officers violated Plaintiff's

3   constitutional rights. All of these negligent acts proximately caused severe

4   injuries to Plaintiff, as described herein.

5   102.   Additionally, Plaintiff is informed and believes and there upon alleges

6   that Defendants Michael Whited and DOES 6-10, inclusive, and each of them,

7   failed to exercise reasonable and ordinary care in committing the acts alleged

8   herein, by actions and inactions which include, but are not limited to,

9   negligently subjecting Plaintiff to false imprisonment, negligently revoking

10  Plaintiff's HOTEL reservation accommodations, negligently subjecting Plaintiff

11  to invidious race discrimination, negligently supervising HOTEL staff,

12  negligently failing to discipline HOTEL staff for discriminatory conduct,

13  negligently training HOTEL staff regarding anti-discrimination. All of these

14  negligent acts proximately caused severe injuries to Plaintiff, as described

15  herein.

16  103.   As a result of these acts and omissions, Mr. Brooks was placed in great

17  fear of his life and physical well-being, and has suffered and will continue to

18  suffer serious pain and severe mental anguish.

19  104.   The CITY is vicariously liable for the wrongful acts of Defendants

20  Officer Jacob Valdivia, Officer Gonzalez, Officer S. Sandoval and DOES 1-5,

21  inclusive, as peace officers, pursuant to Section 815.2(a) of the California

22  Government Code, which provides that a public entity is liable for injuries

23  caused by its employees within the scope of their employment if the employee's

24  act would subject him or her to liability.

25  105.   The HOTEL is vicariously liable for the wrongful acts of Defendant

26  Michael Whited and DOES 6-10, inclusive, because as described above, they are

27  HOTEL employees and their wrongful acts were within the scope of their

28  employment. *Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12 Cal.4th



291, 296-297 (1995).

## TENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against All Defendants)

106.   Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

107.  Defendants Officer Jacob Valdivia, Officer Gonzalez, Officer S. Sandoval and DOES 1-5, inclusive, while working for the CITY as PSPD employees and acting within the course and scope of their duties, caused Mr. Brooks severe emotional distress on June 8, 2020 when:

> a) Depriving Plaintiff of his right to be free from unreasonable seizures by collectively using unreasonable force or failing to intervene during this constitutional violation, as recited above, because he is African-American;
>
> b) Depriving Plaintiff of his right to be free from racial animus during police contact by mocking Plaintiff, as described in this complaint; and
>
> c) Forcing Plaintiff to walk through the HOTEL's main lobby without proper attire.

108.  Defendants Michael Whited and DOES 6-10, inclusive, while working for the HOTEL as employees and acting within the course and scope of their duties, caused Mr. Brooks severe emotional distress on June 8, 2020 when:

> a) Discriminating against Plaintiff by forcing him to display his Identification card in order to receive a replacement room key, while not requiring Caucasian women do the same;
>
> b) Subjecting Plaintiff to false imprisonment after he complained about a HOTEL employee's racial



discrimination against him;

    c) Threatening to evict Plaintiff from HOTEL after he complained about a HOTEL employee's racial discrimination against him; and

    d) Evicting Plaintiff from HOTEL after he complained about a HOTEL employee's racial discrimination against him.

109.  The  conduct was outrageous and done so to cause Mr. Brooks' emotional distress or acted with reckless disregard to the probability that Mr. Brooks would suffer emotional distress.

110.  As a result of their conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

111.  Defendants' conduct was a substantial factor in causing Mr. Brooks' severe emotional distress. As a direct and proximate cause of Defendants' actions and inactions, individually and officially, Mr. Brooks suffered and continues to suffer serious physical pain and injuries for which he is entitled to recover damages. Moreover, due to the foregoing acts and omissions of each of these Defendants, Plaintiff has suffered and will continue to suffer severe mental anguish and emotional distress.

112.  In doing the aforementioned acts, Defendants' conduct was intentional, outrageous, malicious, and done for the specific purpose of causing Plaintiff to suffer extreme emotional and physical distress, fear, anxiety, and mental anguish, entitling Plaintiff to an award of exemplary and punitive damages as to the individual Defendants.

113.  The CITY is vicariously liable for the wrongful acts of Defendants Officer Jacob Valdivia, Officer Gonzalez, Officer S. Sandoval and DOES 1-5, inclusive, as peace officers, pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries



caused by its employees within the scope of their employment if the employee's

act would subject him or her to liability.

114.   The HOTEL is vicariously liable for the wrongful acts of Defendant

Michael Whited and DOES 6-10, inclusive, because as described above, they are

HOTEL employees and their wrongful acts were within the scope of their

employment. *Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12 Cal.4th

291, 296-297 (1995).

<h3 style="text-align:center">ELEVENTH CAUSE OF ACTION</h3>

<h3 style="text-align:center">BREACH OF CONTRACT</h3>

<h3 style="text-align:center">(Against Defendant HOTEL)</h3>

115.   Plaintiff incorporates by reference each and every allegation contained in the

foregoing paragraphs, as well as any subsequent paragraphs contained in the

Complaint, as if fully set forth herein.

116.   Plaintiff entered into a valid contract with Defendant HOTEL, when he paid

approximately $900 to reserve a suite at HOTEL from June 7, 2020 to June 10,

2020 and admission to Splash House, a pool party music festival hosted at

HOTEL. Plaintiff did everything the contract required.

117.   On June 8, 2019, Defendant HOTEL breached the abovementioned contract,

by evicting Plaintiff from the HOTEL because Plaintiff complained that a HOTEL

employee discriminated against him on account of his race.

118.   As a result, Plaintiff endured pain and suffering, extreme mental and

emotional distress, physical injuries, medical expenses, costs of suit and other

pecuniary losses in an amount not yet ascertained. Defendant HOTEL's breach of

contract was a substantial factor in causing Plaintiff's harm.

<h3 style="text-align:center">TWELVTH CAUSE OF ACTION</h3>

<h3 style="text-align:center">FALSE ARREST</h3>

<h3 style="text-align:center">(Against Defendants HOTEL, Michael Whited and DOES 6-10, inclusive)</h3>

119.   Plaintiff incorporates by reference each and every allegation contained in the



1  foregoing paragraphs, as well as any subsequent paragraphs contained in the
2  Complaint, as if fully set forth herein.

3  120.   Defendants Michael Whited and DOES 6-10, inclusive, intentionally caused
4  Plaintiff to be arrested on June 8, 2019 without a warrant.

5  121.   As a result, Plaintiff endured pain and suffering, extreme mental and
6  emotional distress, physical injuries, medical expenses, costs of suit and other
7  pecuniary losses in an amount not yet ascertained. Defendants' aforesaid conduct
8  was a substantial factor in causing Plaintiff's harm.

9  122.   The HOTEL is vicariously liable for the wrongful acts of Defendant
10  Michael Whited and DOES 6-10, inclusive, because as described above, they are
11  HOTEL employees and their wrongful acts were within the scope of their
12  employment. *Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12 Cal.4th
13  291, 296-297 (1995).

14  **THIRTEENTH CAUSE OF ACTION**
15  **MALICIOUS PROSECUTION**
16  **(Against Defendants HOTEL, Michael Whited and DOES 6-10, inclusive)**

17  123.   Plaintiff incorporates by reference each and every allegation contained in the
18  foregoing paragraphs, as well as any subsequent paragraphs contained in the
19  Complaint, as if fully set forth herein.

20  124.   Defendants Michael Whited and DOES 6-10, inclusive, were actively
21  involved causing Plaintiff to be prosecuted for trespass. With knowledge there was
22  no probable cause to believe that Plaintiff was trespassing, Defendants Michael
23  Whited and DOES 6-10, inclusive, sought out PSPD and falsely reported facts to
24  them indicating that Mr. Brooks was trespassing.

25  125.   As a direct and proximate of Defendants' malicious prosecution, Plaintiff
26  endured pain and suffering, extreme mental and emotional distress, physical
27  injuries, medical expenses, costs of suit and other pecuniary losses in an amount
28  not yet ascertained.



126.   The HOTEL is vicariously liable for the wrongful acts of Defendant Michael Whited and DOES 6-10, inclusive, because as described above, they are HOTEL employees and their wrongful acts were within the scope of their employment. *Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12 Cal.4th 291, 296-297 (1995).

**PRAYER**

Wherefore, Plaintiff requests entry of judgment in his favor and against Defendants as follows:

1.     For compensatory (or general) damages, including pain and suffering, in an amount exceeding the minimum jurisdictional requirement of this Court according to proof;

2.     For special damages according to proof;

3.     For punitive damages as provided by federal and state law, in an amount to be proved against each individual Defendant;

4.     For prejudgment interest;

5.     For attorney's fees pursuant to 42 U.S.C. § 1988 & California Civil Code §§ 52.1(h) and 52(b)(3);

6.     For reasonable costs of this suit incurred herein;

7.     For such other and further relief as the Court may deem just, proper and appropriate.


Dated: April 28, 2021                          **PLC LAW GROUP, APC**


/s/ *Lauren K. McRae*
Peter L. Carr, IV
Na'Shaun L. Neal
Lauren K. McRae
Attorneys for Plaintiff Phillip Brooks



## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby respectfully demands a trial by jury on all issues and claims.

Dated: April 28, 2021          **PLC LAW GROUP, APC**

                           _/s/ Lauren K. McRae_
                           Peter L. Carr, IV
                           Na'Shaun L. Neal
                           Lauren K. McRae
                           Attorneys for Plaintiff Phillip Brooks

